IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDEEP NAYAK,           Plaintiff | : : : | |
| v. | : : : | No. 1:15-cv-00933 (Judge Kane) (Magistrate Judge Schwab) |
| MCNEES WALLACE & NURICK LLC, et al.,           Defendants | : : : : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is Magistrate Judge Schwab's September 13, 2016 Report and Recommendation (Doc. No. 69), regarding pending motions to dismiss filed by Defendants Brian F. Jackson and McNees Wallace & Nurick LLC ("the McNees Defendants") (Doc. No. 23), and Defendants Anne E. Zerbe and the CGA Law Firm ("the CGA Defendants") (Doc. No. 26), as well as a motion to strike Plaintiff Sandeep Nayak's supplemental brief filed by the CGA Defendants (Doc. No. 58). Specifically, in her Report, Magistrate Judge Schwab recommends: (1) granting the CGA Defendants' motion to dismiss Plaintiff's complaint (Doc. No. 23), on the basis that the doctrine of res judicata bars Plaintiff's claims as to them; (2) granting the McNees Defendants' motion to dismiss (Doc. No. 26), on the basis that Plaintiff's execution of a negotiated confidential agreement and general release in exchange for an extended paid leave of absence from his employment position with former employer, Voith Turbo, Inc., bars any claims brought against them; and (3) denying as moot the CGA Defendants' motion to strike (Doc. No. 58).[1] In conjunction with her recommendation that the Court grant Defendants' motions to

---

[1] In making this recommendation as to the McNees Defendants' motion to dismiss, Magistrate Judge Schwab conducted an exhaustive review of each of Plaintiff's arguments for invalidating the agreement and general release of claims under applicable Pennsylvania law, and concluded

1

dismiss Plaintiff's complaint, Magistrate Judge Schwab recommends dismissing Plaintiff's complaint with prejudice based upon a finding that Plaintiff's complaint is incapable of being cured by amendment. (Doc. No. 69 at 29.)

Plaintiff has filed objections to Magistrate Judge Schwab's Report and Recommendation, wherein he argues that Magistrate Judge Schwab: (1) failed to follow the applicable standard of review for a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 72 at 3-6); (2) improperly concluded that the general release set forth in Plaintiff's agreement with Voith Turbo, Inc., bars the claims asserted against the McNees Defendants (Doc. No. 72 at 7-9); (3) wrongly invoked the doctrine of res judicata in dismissing the claims against the CGA Defendants (Doc. No. 72 at 10-15); and (4) erred by dismissing Plaintiff's complaint for failure to plead sufficient factual allegations to support claims of tortious interference, intentional misrepresentation, promissory estoppel, bribery, and negligence (Doc. No. 72 at 15-19).[2]

Having considered these objections, this Court finds that Magistrate Judge Schwab correctly and comprehensively addressed the substance of Plaintiff's objections in the Report and Recommendation itself. Accordingly, the Court will not write separately to address Plaintiff's objections, except as noted in the margin.

**ACCORDINGLY**, on this 30th day of November 2016, upon review of the record and the applicable law, **IT IS HEREBY ORDERED THAT**:

---

that Plaintiff did not, and could not, offer factual averments that, if proven, would entitle Plaintiff to relief. (Doc. No. 69 at 22-28.)

[2] Plaintiff appears to have misunderstood Magistrate Judge Schwab's Report and Recommendation. Magistrate Judge Schwab did not dismiss Plaintiff's complaint for failure to plead sufficient facts in support of his claims. Rather, Magistrate Judge Schwab recommended dismissal of Plaintiff's complaint upon having found that the doctrine of res judicata and the general release provision preclude Plaintiff from pursuing the instant action.

1. The Court adopts the Report and Recommendation (Doc. No. 69), of Magistrate Judge Schwab;

2. The McNees Defendants' motion to dismiss (Doc. No. 23), is **GRANTED**;

3. The CGA Defendants' motion to dismiss (Doc. No. 26), is **GRANTED**;

4. Plaintiff's complaint (Doc. No. 1), is **DISMISSED WITH PREJUDICE**;[3]

5. The CGA Defendants' motion to strike Plaintiff's supplemental brief (Doc. No. 58), is **DENIED AS MOOT**; and

6. The Clerk of Court is directed to close this case.

S/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania

---

[3] The Court agrees with Magistrate Judge Schwab's finding that "Plaintiff's claims are incapable of being cured by amendment," thus warranting dismissal of the complaint with prejudice. (Doc. No. 69.)  While, as a general practice, the district court is instructed to afford a pro se litigant the opportunity to amend a complaint vulnerable to dismissal for failure to state a claim, it is likewise well settled that a court need not permit leave to file a curative amendment where amendment would be inequitable or futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt.").  Here, a review of the complaint's allegations reveals that amendment would be futile.  Thus, the Court will dismiss Plaintiff's complaint with prejudice and without leave to amend.